IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARCHITECTURAL IRON WORKERS' LOCAL NO. 63 WELFARE FUND, ARCHITECTURAL IRON WORKERS' LOCAL NO. 63 DEFINED CONTRIBUTION PENSION FUND, and the ARCHITECTURAL METAL TRAINEE SCHOOL FOR LOCAL NO. 63 AND THE IRON LEAGUE OF CHICAGO, INC. | ) ) ) ) CIVIL ACTION ) ) ) ) |
| SALLY NUTINI, TIMOTHY BELL, STEVEN PEPPA, RAYMOND DEAN, BRUCE MADIAR, AND RICHARD ROWE, as Trustees of the ARCHITECTURAL AND ORNAMENTAL IRON WORKERS' LOCAL NO. 63 WELFARE FUND, | ) ) ) ) ) |
| GEORGE CHRISTOS, TIMOTHY BELL, SALLY NUTINI, BRUCE MADIAR, STEVEN PEPPA, RAYMOND DEAN, as Trustees of the ARCHITECTURAL IRON WORKERS' LOCAL NO. 63 DEFINED CONTRIBUTION PENSION FUND, | ) ) ) ) ) ) ) |
| ARCHITECTURAL and ORNAMENTAL IRON WORKERS' UNION LOCAL NO. 63, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| LAKESIDE ARCHITECTURAL METALS, INC. Defendant. | ) ) ) |

DOCKETED JUN - 2 2004

ED-7 FILED FOR DOCKETING 04 JUN -1 PM 2:50 CLERK U.S. DISTRICT COURT

JUDGE HOLDERMAN

04C 3751

JUDGE:

MAGISTRATE JUDGE NOLAN

## COMPLAINT

Plaintiffs, the ARCHITECTURAL IRON WORKERS LOCAL NO. 63 WELFARE FUND, et al., by its attorney, Frank A. Marco and the law firm of Gregorio & Associates, complain of the Defendant, LAKESIDE ARCHITECTURAL METALS, INC., and allege as follows:

1. This action arises under Section 502 of the Employee Retirement Income Security Act and Section 301 of the Taft-Hartley Act. (29 U.S.C. §§1132 and 185). Jurisdiction is founded on the existence of questions arising thereunder.

2. The ARCHITECTURAL AND ORNAMENTAL IRON WORKS LOCAL NO.63 WELFARE FUND, et. al. (collectively referred to as the "Local 63 Trust Funds") receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the ARCHITECTURAL AND ORNAMENTAL IRON WORKERS' UNION LOCAL NO. 63, ("Local 63 Union").

3. The Local 63 Trust Funds are multi-employer plans as defined under 29 U.S.C §1002.

4. The Trust Funds are administered at 1000 Burr Ridge Parkway, Suite 200, Burr Ridge, Illinois and venue is proper in the Northern District of Illinois.

5. The Defendant is an employer engaged in an industry affecting commerce which entered into a Project Agreement whose terms require Defendants to pay fringe benefits to th Trust Funds. **(Exhibit A)**

6. The Agreement and the Collective Bargaining Agreements also bind th Defendant to the provisions of the Agreement and Declarations of Trust which created the Iro Workers' Local No. 63 Trust Funds ("Trust Agreements").

7. The Defendant is required to make contributions to the Local 63 Trust Funds fo each hour worked by its Iron Worker employees at the rate and in the manner specified in th Collective Bargaining Agreement and Trust Agreement. In addition, the Defendant is required t make contributions to the Local 63 Union measured by the hours worked by Iron Work employees and/or Local 63 members at the rate and in the manner specified in the Collectiv Bargaining Agreement and Trust Agreement for the Assessment Fund and IPAL. The Defenda is also liable for subcontracting iron work to a company, which does not pay the contributions.

8. The CBA and Trust Agreements provide that employers who do not timely pay contributions are also liable for liquidated damages, interest, audit fees and attorney fees.

## MEMORANDUM OF AGREEMENT

THIS ACCEPTANCE AGREEMENT made and entered into by and between Lakeside Architectural Metals, Inc. _____ (hereinafter referred to as "Employer") and ARCHITECTURAL AND ORNAMENTAL IRON WORKERS UNION LOCAL #63, AFL-CIO (hereinafter referred to as "Union").

In consideration of the mutual promises made to each other, the parties hereby agree as follows:

1. The undersigned Employer has examined the collective bargaining agreement (the "Agreement") currently in effect between ARCHITECTURAL AND ORNAMENTAL IRON WORKERS UNION LOCAL #63, AFL-CIO and IRON LEAGUE OF CHICAGO, INC. (the "Association"). The Employer hereby accepts and becomes bound as a party to the Agreement in its entirety, which is incorporated by reference as if set forth fully herein. The Employer further agrees to be bound by any subsequent successors, renewals, amendments, modifications, replacements and addenda to the Agreement unless this acceptance agreement is timely terminated in accordance with the provisions below. The Employer agrees that the Union's notice to the Association of intent to terminate, open or modify the underlying Agreement shall be considered as notice to the undersigned.

2. This acceptance agreement may be terminated by either party giving written notice of termination to the other by registered letter not less than 120 days and not more than 150 days prior to the current expiration date of the underlying Agreement, its successor or renewal, such termination to become effective as of the applicable expiration date.

3. The Employer agrees to pay the amounts of the contributions which it is bound to pay to the several fringe benefit funds described in the Agreement and agrees to and is hereby bound by and considered to be a party to the Agreements and Declarations of Trust creating each of said trust funds, together with any restatements or amendments thereto which have been or may be adopted, as if it has been a party to and signed the original copies of the trust instruments. The Employer ratifies and confirms the appointment of each of the Employer Trustees, who shall, together with their successor Trustees designated in the manner provided in said Agreements and Declarations of Trust, and where applicable, jointly with an equal number of trustees representing employees, carry out the terms and conditions of the trust instruments.

4. The Employer acknowledges and agrees that the Union is authorized to, and represents a majority of the Employer's employees in the bargaining unit covered by this Agreement, the Employer recognizes the Union as the exclusive collective bargaining agent under Section 9(a) of the NLRA for all employees within the bargaining unit on all present and future jobs within the Union's jurisdiction. This voluntary recognition shall continue in effect after termination of this acceptance agreement until such time as the Union is finally decertified following an NLRB election initiated by the employees, and the Employer hereby agrees that it will not request an NLRB election and expressly waives any right it may have to do so.

IN WITNESS WHEREOF, the parties have executed this agreement the _10_ day of ___11___, 20_03_.

EMPLOYER:
By: /s/ [signature]
(Signature)

John Montalbano
(Printed)

Treasurer
Title

25940 Timberlake Rd
Address

Barrington IL 60010
State / Zip

847-526-4007
Phone

ARCHITECTURAL AND ORNAMENTAL
IRON WORKERS UNION LOCAL #63
By: _____

_____
Title

847-526-4010
Fax

PLAINTIFF'S EXHIBIT A



# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

# Civil Cover Sheet

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use **only** in the Northern District of Illinois.

| | |
|---|---|
| **Plaintiff(s):** ARCHITECTURAL IRON WORKERS' LOCAL NO. 63, et. al. | **Defendant(s):** LAKESIDE ARCHITECTURAL METALS, INC. |
| County of Residence: COOK | County of Residence: |
| Plaintiff's Atty: Frank A. Marco, Gregorio & Associates, 2 N. LaSalle, Suite 1650, Chicago, IL 60602, 312-263-2343 | Defendant's Atty: |

**JUDGE HOLDERMAN**

**04C 3751**

**II. Basis of Jurisdiction:** 3. Federal Question (U.S. not a party)

**MAGISTRATE JUDGE NOLAN**

**III. Citizenship of Principal Parties (Diversity Cases Only)**
Plaintiff:-N/A
Defendant:-N/A

**IV. Origin:** 1. Original Proceeding

DOCKETED
JUN - 2 2004

**V. Nature of Suit:** 791 E.R.I.S.A

**VI. Cause of Action:** ERISA and 29 U.S.C. 1132 and 185

**VII. Requested in Complaint**
    Class Action:
    Dollar Demand:
    Jury Demand:

**VIII.** This case **IS NOT** a refiling of a previously dismissed case.

Signature: _____
Date: 5-27-2004

6/1/4

FILED FOR DOCKETING
04 JUN -1 PM 2:50
U.S. DISTRICT CLERK COURT
ED-7

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

In the Matter of
ARCHITECTURAL IRON WORKERS' LOCAL NO. 63, et. al.,
v.
LAKESIDE ARCHITECTURAL METALS, INC.

**JUDGE HOLDERMAN**

Case Number: **04C 3751**

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:
PLAINTIFFS

**MAGISTRATE JUDGE NOLAN**

| (A) | (B) |
|---|---|
| SIGNATURE *[signed]* | SIGNATURE |
| NAME<br>FRANK A. MARCO | NAME |
| FIRM<br>GREGORIO & ASSOCIATES | FIRM |
| STREET ADDRESS<br>2 N. LASALLE ST., SUITE 1650 | STREET ADDRESS |
| CITY/STATE/ZIP<br>CHICAGO, ILLINOIS 60602 | CITY/STATE/ZIP |
| TELEPHONE NUMBER<br>(312) 263-2343 | TELEPHONE NUMBER |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE)<br>06205057 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR? YES NO | MEMBER OF TRIAL BAR? YES NO |
| TRIAL ATTORNEY? YES NO | TRIAL ATTORNEY? YES NO |
|  | DESIGNATED AS LEGAL COUNSEL? YES NO |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| FIRM | FIRM |
| STREET ADDRESS | STREET ADDRESS |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| TELEPHONE NUMBER | TELEPHONE NUMBER |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR? YES ☐ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☐ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |
| DESIGNATED AS LEGAL COUNSEL? YES ☐ NO ☐ | DESIGNATED AS LEGAL COUNSEL? YES ☐ NO ☐ |

*[Filing stamp: JUN -1 2004, U.S. DISTRICT COURT CLERK, FILED FOR DOCKETING, ED-7]*